UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY MORRISON, ) | Case No. CV 10-04564-JEM |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

**PROCEEDINGS**

On June 24, 2010, Brittany Morrison ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on January 14, 2011. On September 13, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with law and this Memorandum Opinion and Order.

**BACKGROUND**

Plaintiff is a 24 year old female who received Supplemental Security Income benefits as a child based on disability for mental retardation. (AR 13, 273.) At age 18, a redetermination hearing was conducted before a Disability Hearing Officer by the Social Security Administration to determine if the Plaintiff was disabled under the definition for adults. (AR 13.) The Social Security Administration determined that Plaintiff no longer qualified for Supplemental Security Income benefits as of April 1, 2006. (AR 13.) Plaintiff timely filed a request for a hearing, which was held on August 22, 2007, in West Los Angeles, California, before Administrative Law Judge ("ALJ") Sally C. Reason. (AR 382-406.) Plaintiff appeared and testified at the hearing. (AR 13, 387-91.) The Claimant's mother, Tangela Morrison, appeared and testified. (AR 13.) The Claimant's father, Henry Morrison, also appeared and testified. (AR 13, 391-98.) Vocational expert ("VE") Ronald K. Hatakeyama appeared and testified. (AR 13.) Claimant was represented by counsel. (AR 13.)

The ALJ issued a decision denying benefits on February 6, 2008. (AR 13-21.) The Appeals Council denied Plaintiff's request for review on April 15, 2010. (AR 5-7.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly assessed the credibility of Mr. Henry Lee Morrison, Jr., a lay witness.
2. Whether the ALJ properly assessed the credibility of Ms. Tangela Morrison, a lay witness.
3. Whether the ALJ erred in determining Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). This step, however, is not used for redetermining disability at age 18. 20 C.F.R. 416.987(b).

Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ found that Plaintiff attained age 18 on November 13, 2005, and was eligible for Supplemental Security Income benefits as a child from the month preceding the month in which she attained age 18. (AR 15.) The claimant was notified that she was found no longer disabled as of April 1, 2006, based on a redetermination of disability under the rules for adults who file new applications. (AR 15.)

At step two, the ALJ determined that Plaintiff has had the following impairments since April 1, 2006: asthma and borderline intellectual functioning. (AR 15.)

At step three, the ALJ found that since April 1, 2006, Claimant has not had an impairment or combination of impairments that meet or medically equal a listed impairment. (AR 15-16.)

The ALJ then determined that Claimant has the RFC to perform medium exertional work that is limited to the performance of simple routine tasks, does not involve more than limited contact with the public, does not involve financial transactions or the handling of money, is not performed in proximity to heights or moving machinery, and is not performed in areas with concentrated environmental hazards such as fumes, odors, dusts, gases, and areas with poor ventilation. (AR 15.) In determining the above RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's subjective symptoms are inconsistent with the RFC. (AR 18.)

Based on Plaintiff's RFC, the ALJ found that Plaintiff had no prior relevant work at step four. (AR 19.) The ALJ, however, determined at step five that Plaintiff could perform other jobs in the national economy, including packager, linen room attendant, and addresser. (AR 20.)

Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 21.)

# DISCUSSION

Plaintiff alleges that the ALJ decision improperly discounted Plaintiff's credibility and improperly ignored or rejected the lay witness testimony of Plaintiff's mother and father in determining Plaintiff's RFC. The Court agrees. As a result, the ALJ's RFC is not supported by substantial evidence.

## I.  THE EVIDENCE OF RECORD BEARING ON PLAINTIFF'S RFC

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e)(2). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical evidence, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Despite being adjudged disabled as a child, the Social Security Administration concluded on redetermination at age 18 that Plaintiff did not meet the requirements for disability as an adult. On review, the ALJ determined that Plaintiff, even though her intellectual functioning was borderline, had an RFC for medium work with limitations. The ALJ relied on the assessments of consulting examiner Dr. Ahmad Riahinejad, Ph.D., a clinical psychologist, and State agency reviewing physician Dr. Paul Balson. (AR 19.) Dr. Riahinejad reported that Plaintiff's IQ scores placed her within the borderline range of intellectual functioning, and that Plaintiff's memory was impaired. (AR 277-79.) He also stated that Plaintiff could carry out simple, repetitive types of instruction but not complex instructions. (AR 278-79.) Dr. Balson provided a check-box RFC assessment indicating that Claimant has mild limitations in her abilities to perform activities of daily living, maintain social functioning, and maintain concentration, persistence and pace, and no significant limitations in 18 of 20 other listed functional categories on the Mental RFC form. (AR 16.)

Plaintiff challenges the ALJ's RFC based on her subjective symptoms. Plaintiff, her mother, and her father consistently and repeatedly testified that Plaintiff cannot work

because she is unable to take public transportation or go out alone, does not have friends and is slow, has to have instructions repeated, and has to be reminded to take her medicines. (AR 124-131, 139-149, 167, 387-391, 391-98, 398-401.) A Disability Hearing Officer also indicated that Plaintiff won't go out to catch a bus or go shopping, has emotional problems, is child-like, and has a speech problem. (AR 177-87.) A teacher reported excessive tardiness, slow speech, and that Plaintiff works at a different, slower pace. (AR 194.) In determining Plaintiff's RFC, however, the ALJ discounted Plaintiff's credibility and rejected the lay witness testimony of Plaintiff's mother. (AR 18.) The ALJ opinion does not mention Plaintiff's father testimony.

## II. THE ALJ IMPROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

The ALJ discounted Plaintiff's credibility based on three reasons: the objective medical evidence did not support disability, Plaintiff's claim that her asthma limits her ability to work was not credible, and her debilitating mental limitations were contradicted by her schooling. (AR 18.) Plaintiff challenges the ALJ's adverse credibility finding as unsupported by substantial evidence. The Court agrees.

### A. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also

Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B. Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the symptoms alleged by the claimant. (AR 18.) The ALJ, however, found that Claimant "lacks credibility regarding the extent to which she is impaired, and it is questionable whether the symptoms are as severe as those she has alleged." (AR 18.) Thus, the ALJ determined that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" and Plaintiff's subjective complaints "are considered credible only to the extent they are supported by the evidence of record." (AR 18.) Because the ALJ did not make any findings of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84.

The ALJ's first reason for discounting Plaintiff's credibility is that her assertions regarding a lack of ability to work are "insufficient to counter the medical evidence." (AR 18.) There are two problems with the ALJ's finding. The ALJ may not discredit a claimant's testimony solely on the medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. Additionally, even though the medical evidence is a relevant if not determinative factor, Smolen, 80 F.3d at 1285, here the medical evidence cited is ambiguous, insufficient, and inappropriate as a basis to reject Plaintiff's subjective symptoms.

In his March 2006 opinion, Dr. Riahinejad, on whom the ALJ relies for his RFC, does not explicitly discuss Plaintiff's ability to work. (AR 275-79.) In fact, much of what

1  Dr. Riahinejad says is supportive of and consistent with Plaintiff's testimony. Dr. Riahinejad,
2  for example, states that Claimant "needs help with shopping" and "cannot use public
3  transportation." (AR 276.) He also found evidence of "psychomotor slowing" (AR 277) and
4  "noted that her pace is slow." (AR 278.) He further states, "She relates in a child-like
5  manner with other people." (AR 279.) Finally, he concludes:

6        The claimant has received intervention for several years to help
7  her get through school. It would be in her best interest to continue to
8  receive intervention until she graduates. The claimant could have mild
9  difficulty communicating with other people because of her speech
10 problem.

11 (AR 279.) This comment makes clear that Dr. Riahinejad was not assessing Plaintiff's ability
12 to work but her ability to function in school. Indeed, he did not complete any standard RFC
13 mental assessment form and does not discuss or evaluate how the limitations he describes
14 would impact Plaintiff's ability to work. SSR 96-8p (1966) provides, "Ordinarily, RFC is the
15 individual's <u>maximum</u> remaining ability to do substantial work activities in an ordinary work
16 setting on a <u>regular and continuing</u> basis . . . . A regular and continuing basis "means 8
17 hours a day, for 5 days a week." Dr. Riahinejad's opinion that Plaintiff can "carry out simple,
18 repetitive types of instruction" (AR 278) does not necessarily mean that Plaintiff can work a
19 full-time job 8 hours a day, 5 days a week. Even if that was Dr. Riahinejad's opinion, there is
20 no discussion or evaluation of how Plaintiff could do so in view of the limitations he found.
21 As it stands, Dr. Riahinejad's report is insufficient to support the RFC for work extrapolated
22 by the ALJ from the report.

23      At best, Dr. Riahinejad's assessment is ambiguous and inconclusive as to whether
24 Plaintiff has the ability to hold and maintain a full-time job. The ALJ had a duty to obtain or at
25 least request an RFC assessment from Dr. Riahinejad. In Social Security cases, the ALJ
26 has a special independent duty to develop the record fully and fairly and to assure that the
27 claimant's interests are considered. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir.
28

2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983). Ambiguous evidence on the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ's failure to seek clarification of Dr. Riahinejad's opinion or obtain from him a more formal RFC assessment of Plaintiff's ability to work was error.

Additionally, the ALJ's reliance on Dr. Balson's RFC is misplaced. Dr. Balson is a State reviewing physician who did not examine Plaintiff. Dr. Balson provided a check box opinion that merely repeats and attempts to expand on Dr. Riahinejad's findings. Not only are check box opinions of questionable evidentiary value, Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not have any explanation or basis), but a non-treating, non-examining physician's opinion is not substantial evidence unless consistent with and supported by other independent evidence of record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Morgan, 169 F.3d at 600. Dr. Balson's RFC is far more restrictive than Dr. Riahinejad's and thus does not constitute substantial evidence to the extent it exceeds the scope of Dr. Riahinejad's opinion and, as such, has no material evidentiary significance. Thus, the medical evidence does not constitute a clear and convincing reason supported by substantial evidence for discounting Plaintiff's credibility.

The ALJ's second reason for discounting Plaintiff's testimony is her testimony about her asthma condition. The ALJ notes the lack of medical evidence to support any claim of inability to work because of asthma, but asthma is not related to Plaintiff's intellectual functioning limitations and her somewhat exaggerated statements about asthma would not be a clear and convincing reason for discounting her inability to work because of intellectual limitations.

The ALJ's third reason for discounting Plaintiff's credibility is that her assertion of debilitating mental limitations is "inconsistent with her testimony that she graduated from high school and plans to attend community college classes at Mission College." (AR 18.) The ALJ repeats this statement elsewhere in the opinion: "The claimant's ability to function as an adult is shown by her academic success in completing high school education and her plans to enroll in a community college program." (AR 16.) The ALJ overstates and misstates the strength of the evidence regarding Plaintiff's education. The ALJ never mentions or discusses the extensive evidence of the limited, non-competitive nature of Plaintiff's education. Plaintiff's mother and counsel explain that state law requires every student to remain in school until graduation. (AR 167, 380.) Plaintiff's mother testified that Plaintiff was in regular classes, but the curriculum was modified and she was not graded the same way. (AR 400-01.) She was given accommodations and special day classes. (AR 234, 247.) Her teachers reported that she works at a different slower pace and does nothing in class. (AR 194, 208.) She needed supervision and assistance to complete homework assignments. (AR 400-01.) Dr. Riahinejad recommended continued intervention assistance in school. (AR 279.) Plaintiff achieved only 3 of 12 goals in school. (AR 380.) Her community college instruction is limited to one special education development class in phonetics, reading and writing. (AR 41, 387-88, 398.) The ALJ opinion does not mention or discuss any of this extensive evidence of the limited nature of Plaintiff's education. The ALJ's characterization of Plaintiff's school success is grossly overstated. Plaintiff's schooling is not a clear and convincing reason for rejecting Plaintiff's credibility.

The ALJ improperly discounted Plaintiff's credibility for reasons that are neither clear and convincing nor supported by substantial evidence.

### III. THE ALJ IMPROPERLY IGNORED AND REJECTED RELEVANT LAY WITNESS TESTIMONY

The ALJ opinion fails to mention or discuss the testimony of Plaintiff's father, who provided relevant evidence corroborating Plaintiff's inability to take public transportation and

11

function independently. This was error. The ALJ also improperly rejected the testimony of Plaintiff's mother, Tangela Morrison.

### A. Relevant Law

Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be "specific." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The failure to address lay witness evidence is not harmless unless inconsequential to the ultimate non-disability decision and the Court can conclude confidently that no reasonable ALJ, on crediting the testimony, would reach a different disability determination. Stout, 454 F.3d at 1054-56; Robbins, 466 F.3d at 885. Courts in this Circuit as yet have not found harmless the ALJ's silent disregard of lay witness testimony about an impairment that limits a claimant's ability to work. Id.

### B. Analysis

Plaintiff's father, Henry Lee Morrison, Jr., testified at the hearing. (AR 391-98.) He said the following about Plaintiff's inability to use public transportation and function independently:

> Q. Is she able to utilize public transportation by herself?
> A. That, no, because one of the reasons she doesn't like to be alone. I don't understand that. You know, she doesn't like to be alone. We have, she has a brother that has rode the bus with her. That

| | | |
|---|---|---|
|1| |was only one occasion but since she hasn't been on a bus since|
|2| |then by herself or by herself at all.|
|3|Q.|Have any other attempts been made to demonstrate how to use|
|4| |public transportation?|
|5|A.|Yes.  We have, she has a bus pass that she has to use so we have|
|6| |tried to get her to go out there, but she said, no, dad, I'm scared.|
|7| |For whatever reason I don't know.  She says she might get lost.|
|8|Q.|Okay.  Do you allow her to go to the mall, to the market or to|
|9| |friends' homes by herself?|
|10|A.|Once again, we tried that.  We said Brittany, like last week, hey|
|11| |Brittany, let me drop you off at the mall.  You don't have to spend|
|12| |no money.  Just, you know, as you call window shopping.  She|
|13| |says no.  I said even you and your sister, she says no.  But|
|14| |dropping off her friends, she doesn't have any friends as we've|
|15| |been aware all this time that she doesn't have friends, so the friend|
|16| |part, no.  But trying to go to a mall or store or something like that, I|
|17| |have tried over a period of time but for whatever reason, she's|
|18| |afraid.|

19  (AR 395.)  The ALJ does not mention or discuss Mr. Morrison's testimony anywhere in the
20  ALJ opinion, nor is there any discussion in the opinion about Plaintiff's inability to use public
21  transportation, which obviously bears on her ability to work.  In his portion of the Joint
22  Stipulation, the Commissioner does not discuss Mr. Morrison's testimony about public
23  transportation.  He merely argues that Mr. Morrison's overall testimony "does not constitute
24  significant probative evidence because it does not establish greater functional limitations
25  than the ALJ's own findings." (JS 9.)  The Court disagrees.  Mr. Morrison's testimony by
26  itself might not be sufficient by itself to establish disability but it is corroborative of Plaintiff's
27  inability to use public transportation.  The ALJ was obliged to discuss Mr. Morrison's
28

testimony specifically or at least to discuss Plaintiff's inability to use public transportation and how that limitation would affect her ability to work. The failure to do so was error.

The ALJ also improperly rejected the statements and testimony of Plaintiff's mother, Tangela Morrison. Ms. Morrison provided numerous reports and testimony that Plaintiff won't go out alone or get around on her own because she is afraid of getting lost, needs help following instructions that have to be repeated, acts like a 13-14 year old, and comprehends at a third grade level. (AR 124-131, 139-49, 167.) Ms. Morrison also made clear that Plaintiff's "success" in school was on a modified curriculum and grading basis. (AR 400-01.) Much of Ms. Morrison's testimony is consistent with the record and the report of Dr. Riahinejad. Nonetheless, the ALJ rejected Ms. Morrison's opinions "because the behavior of the claimant could be due to causes other than a disabling medical condition, and this opinion is not compatible with the record as a whole." (AR 18.) This rather conclusory statement consists of an unexplained speculation about a possible non-medical explanation for Plaintiff's problem that is nowhere supported in the record and an assertion that some unidentified opinion of Ms. Morrison is inconsistent with the record in some respect never identified or explained. To the contrary, Claimant's mental impairments are medically documented and Ms. Morrison's opinions are consistent with the report of Dr. Riahinejad. Even if they were inconsistent, the ALJ cannot discredit Ms. Morrison's lay testimony on medical evidence alone. Bruce, 557 F.3d at 1116. The ALJ's reasons are not "germane" or "specific." The ALJ's rejection of Ms. Morrison's lay witness testimony is not supported by substantial evidence.

**IV.    SUMMARY**

Plaintiff has never worked. She has intellectual functioning limitations that the ALJ found to be severe. The ALJ overstated the report of Dr. Riahinejad and the nature of Plaintiff's schooling. The ALJ failed to address Plaintiff's inability to use public transportation and the testimony of Plaintiff's father. The adverse credibility determination of Plaintiff, her father and her mother are not supported by substantial evidence. As a result, the ALJ's RFC is not supported by substantial evidence.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding the case for further proceedings in accordance with law and this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 30, 2011

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE